# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANA FATIMA JEROME AKITI, <br> A# XXX XXX 806, <br><br> O.A.J.A., A# XXX XXX 807, <br><br>   Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Serve: USCIS <br>        Office of the Chief Counsel <br>        5900 Capital Gateway Drive <br>        Mail Stop 2120 <br>        Camp Springs, MD 20588-0009, <br><br> JENNIFER B. HIGGINS, Acting Director of the United States Citizenship and Immigration Services, <br><br> Serve: USCIS <br>        Office of the Chief Counsel <br>        5900 Capital Gateway Drive <br>        Mail Stop 2120 <br>        Camp Springs, MD 20588-0009, <br><br> LAURA B. ZUCHOWSKI, Director of the Vermont Service Center of the United States Citizenship and Immigration Services, <br><br> Serve:  Laura B. Zuchowski <br>         USCIS <br>         38 River Road <br>         Essex Junction, VT 05452 | Case No. |

Defendants.

## **COMPLAINT**

Plaintiffs Nana Fatima Jerome Akiti and O.A.J.A. respectfully request a hearing before this Honorable Court to review the Defendants' wrongful denial of Plaintiffs' I-360 petition and I-485 applications. In said denials, Defendants failed to follow their own regulations to issue a Notice of Intent to Deny ("NOID"). Additionally, Defendants arbitrarily disregarded clear and undisputed evidence erroneously stating that Plaintiff Nana Fatima Jerome Akiti failed to overcome USCIS' allegations regarding the legitimacy of her divorce documents.

## **PARTIES**

1. Plaintiffs Nana Fatima Jerome Akiti and O.A.J.A. are citizens of Nigeria.

2. Nana Fatima Jerome Akiti is the mother of minor O.A.J.A.

3. Plaintiff Nana Fatima Jerome Akiti's Alien Number is 219-031-806, and Plaintiff O.A.J.A.'s Alien Number is 219-031-807.

4. Plaintiffs reside at 12 Windsor Dr, South Attleboro, MA 02703.

5. Plaintiff Nana Fatima Jerome Akiti's ex-spouse is Sean Parks, a U.S. citizen.

6. On August 5, 2021, Plaintiff Nana Fatima Jerome Akiti filed an I-360 Petition for Amerasian, Widower, or Special Immigrant. Defendants assigned Receipt Number EAC2131850542 to Nana Fatima Jerome Akiti's I-360 case.

7. On September 7, 2021, Plaintiffs timely filed accompanying I-485 Applications for Adjustment Status. Defendants assigned Receipt Number EAC2133851034 to Nana Fatima Jerome Akiti's I-485 case. Defendants assigned Receipt Number EAC2133851063 to O.A.J.A.'s I-485 case.

8. USCIS completed the fingerprinting and photographing of Plaintiffs as part of the

processing of the pending applications.

9. On August 5, 2024, the USCIS Vermont Service Center issued a Request for Evidence ("RFE") on Plaintiff Nana Fatima Jerome Akiti's I-360 Petition for Amerasian, Widower, or Special Immigrant, with the response deadline on October 31, 2024. The RFE sought additional documentation regarding the termination of Plaintiff Nana Fatima Jerome Akiti's previous marriage to demonstrate that she was legally free to marry her U.S. citizen ex-spouse.

10. Plaintiff timely submitted a complete RFE response on October 21, 2024. The response contained clear, authenticated and uncontroverted documentation regarding Nana Fatima Jerome Akiti's divorce from her first spouse in Nigeria, overcoming USCIS allegations by proving Nana Fatima Jerome Akiti's prior marriage was properly terminated and she was legally free to marry Sean Parks. Specifically, the Nigerian embassy in New York and the Massachusetts court both recognized and enforced the divorce decree.

11. On January 14, 2024, the USCIS Vermont Service Center wrongfully and erroneously denied Nana Fatima Jerome Akiti's I-360 Petition for Amerasian, Widower, or Special Immigrant, despite the additional documentation provided by Nana Fatima Jerome Akiti in the RFE response. On the same date, USCIS also denied Plaintiffs' accompanying I-485 applications.

12. Through their determination, Defendants failed to issue a Notice of Intent to Deny the I-360 Petition for Amerasian, Widower, or Special Immigrant, despite federal regulations requiring them to do so.

13. As such, in denying the I-360 Petition for Amerasian, Widower, or Special Immigrant, Defendants have failed to follow and adhere to the federal laws regulating the matter and have failed to consider clear, authenticated and uncontroverted documentation regarding Nana Fatima Jerome Akiti's prior divorce which demonstrated her prior marriage was properly

terminated and that she was legally free to marry Sean Parks.

14. Furthermore, in said denial, USCIS arbitrarily disregarded clear and undisputed evidence and erroneously stated that Plaintiff Nana Fatima Jerome Akiti failed to overcome USCIS' allegations regarding the legitimacy of Nana Fatima Jerome Akiti's divorce documents.

15. As such, by wrongfully denying Plaintiffs' I-360 petition and the accompanying I-485 applications, the Defendants have failed to follow their own regulations and have failed to consider clear, overwhelming and undisputed evidence provided by Nana Fatima Jerome Akiti. Therefore, Plaintiff Nana Fatima Jerome Akiti should still be eligible for Amerasian, Widower, or Special Immigrant status, and Plaintiffs are still eligible for adjustment of status.

16. Plaintiffs bring this action to compel the USCIS to reopen and properly adjudicate Plaintiffs' I-360 petition and I-485 applications as required by law.

17. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "USCIS") is the component of the DHS that is responsible for processing I-360 petitions and I-485 applications.

18. Defendant Jennifer B. Higgins, Acting Director of the USCIS, is the highest ranking official within the USCIS. Higgins is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Higgins is sued in an official capacity as an agent of the government of the United States.

19. Defendant Laura B. Zuchowski is the Director of the Vermont Service Center of the USCIS and is sued only in an official capacity, as well as any successor and assigns. The USCIS Vermont Service Center erroneously issued Plaintiffs' I-360 and I-485 wrongful denials, and is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Upon information and belief, these cases are still

located at the USCIS Vermont Service Center.

## JURISDICTION AND VENUE

20. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. §1101 et seq., and the APA, 5 U.S.C. § 500 et seq. and 5 U.S.C. § 706 et seq.

21. Venue is proper pursuant to 5 U.S.C. § 703 as (1) this suit challenges decisions by Defendant USCIS and its employees; (2) no real property is involved in this action, and; (3) Plaintiffs reside within this district.

22. Plaintiffs will suffer irreparable injury if the I-360 petition and I-485 applications for adjustment of status are not properly reviewed and approved because Plaintiffs' legal ability to live and work in the United States is entirely reliant on the success of these applications.

23. The denial notices issued, if allowed to stand, will produce a manifest injustice as it is based entirely upon faulty application of the law to an erroneous misstatement of the facts. Furthermore, the erroneous denial is contrary to Title 8, Code of Federal Regulations (8 CFR), section 103.2(b)(13)(i).

24. Moreover, before issuing the denials, USCIS did not issue a Notice of Intent to Deny. This failure is in violation of the law and deprived Plaintiffs of the opportunity to address the Defendants' failure to properly engage with the evidence submitted by the Plaintiffs.

25. Plaintiffs have already provided timely evidence to USCIS that refutes the grounds of the I-360 denial. Plaintiffs' applications were denied due to USCIS error and misinterpretation of the law. The erroneous decisions should not be allowed to stand.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Plaintiffs have exhausted all of their administrative remedies. There are no further

administrative remedies that Plaintiffs can seek directly.

25. Plaintiffs have no right to appeal these decisions, and the option to file a Motion to Reopen or Reconsider is not an adequate form of administrative review. Further, such avenue of relief does not constitute a remedy available as of right within the meaning of 8 U.S.C. §1252(d)(1), therefore Plaintiffs are not required to file an appeal in order to exhaust administrative remedies.

## **COUNT I - ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 500 et seq.)**

26. Plaintiffs reallege and incorporate by reference paragraphs the foregoing paragraphs as if fully set forth herein.

27. Plaintiffs have been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 500 et seq.

28. The documents filed by Plaintiffs established that Nana Fatima Jerome Akiti is eligible for I-360 Petition for Amerasian, Widower, or Special Immigrant, rendering her and her son O.A.J.A. eligible for adjustment of status, and that the denials issued by USCIS were contrary to the law and to the evidence submitted, under Title 8, Code of Federal Regulations (8 CFR), section 103.2(b)(13)(i).

29. Defendants denied the I-360 petition because they arbitrarily refused and/or failed to consider the evidence timely submitted by Plaintiff Nana Fatima Jerome Akiti.

30. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedure Act and Title 8, Code of Federal Regulations (8 CFR), section 103.2(b)(13)(i) by denying Plaintiffs' I-360 petition and I-485 applications by not properly considering the evidence submitted.

31. Plaintiffs have exhausted all administrative remedies available to them as a matter

of right.

32. Plaintiffs have no other recourse to judicial review other than by this action.

33. Plaintiffs have suffered and continue to suffer injury in the form of the erroneous denial of the I-360 petition and I-485 applications, and the loss of Plaintiffs' opportunity to legally remain in the U.S. and to continue working here.

### COUNT II - FIFTH AMENDMENT (PROCEDURAL DUE PROCESS)

34. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

35. Plaintiffs' compliance with the statutory and regulatory requirements of the Immigration & Nationality Act vests in them a constitutionally protected property and liberty interest.

36. This constitutionally protected property or liberty interest triggers procedural due process protection.

37. Defendants' failure to give Plaintiffs a meaningful opportunity to challenge these denials violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

38. Plaintiffs have suffered and continue to suffer injury in the form of the erroneous denial of the I-360 petition and I-485 applications, and the loss of Plaintiffs' opportunity to legally remain in the U.S. and to continue working here due to USCIS error.

### COUNT III - DECLARATORY JUDGMENT
### VIOLATION OF INA 8 CFR 103.2(b)(16)(i)

39. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

40. 8 CFR 103.2(b)(16)(i) requires that "If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the

applicant or petitioner is unaware, he/she ***shall be advised*** of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding." [emphasis added].

41. The grounds for denying Plaintiff Nana Fatima Jerome Akiti's I-360 Petition for Amerasian, Widower, or Special Immigrant, were the alleged failure to demonstrate that Nana Fatima Jerome Akiti's prior marriage was properly terminated, and that she was legally free to marry Sean Parks.

42. However, Defendants never issued a notice of intent to deny.

43. Defendants did not follow their own rules and did not give Plaintiff Nana Fatima Jerome Akiti a fair chance at meaningful review of her I-360 Petition for Amerasian, Widower, or Special Immigrant.

44. Because of these violations, Plaintiffs have suffered and continue to suffer injury in the form of the erroneous denial of Plaintiff Nana Fatima Jerome Akiti's I-360 Petition for Amerasian, Widower, or Special Immigrant, and Plaintiffs' accompanying I-485 applications. This erroneous decision, if not reversed, would compel Plaintiffs to leave their home and leave the country. These serious and lasting consequences mean that Plaintiffs do not seek a remedy for a past injury, but rather a remedy for an ongoing and continuing injury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Accept jurisdiction and review of the USCIS decision to deny the I-360 Petition for Amerasian, Widower, or Special Immigrant and accompanying I-485 applications;

2.      Declare that Defendants' decisions violated the Administrative Procedure Act because they were arbitrary and capricious;

3.      Declare that USCIS's decision to deny the I-360 Petition for Amerasian, Widower, or Special Immigrant and I-485 applications were unlawful, a violation of the Immigration and Nationality Act and the relevant regulations, and a violation of the United States Constitution;

4.      Order that USCIS shall be enjoined from denying I-360 Petition for Amerasian, Widower, or Special Immigrant and the accompanying I-485 applications for Plaintiffs;

5.      Order USCIS to properly adjudicate the I-360 Petition for Amerasian, Widower, or Special Immigrant and I-485 applications filed by Plaintiffs;

6.      Order USCIS to continue processing of the I-360 Petition for Amerasian, Widower, or Special Immigrant and I-485 applications filed by Plaintiffs, and order USCIS not to revoke the employment and travel authorization associated with the applications;

7.      Grant attorney's fees and costs pursuant to the Equal Access to Justice Act;

8.      Grant such other relief as may be just and reasonable.

RESPECTFULLY SUBMITTED
February 4, 2025

*/s/ Ioana Conley*
Ioana Conley
D'Angio Law Office
MA BBO# 698388
11 Spring Street
Waltham, MA 02451
(781) 894-6028
ia.dangiolaw@gmail.com

*/s/ James O. Hacking, III*
*(Pro Hac Vice pending)*

James O. Hacking, III
MO Bar# 46728
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com


**ATTORNEYS FOR PLAINTIFFS**
**NANA FATIMA JEROME AKITI**
**O.A.J.A.**
